Jacob Mabkowitz, P. J.
(dissenting in part). During 1968 and 1969 the Lenox Hill Hospital became the lessee of 14 apartments of 520 East 81st Street, Manhattan, provided furniture for these apartments, and sublet them to members of its nursing staff. The building was completed in 1964 and thus comes within the purview of the Rent ¡Stabilization Law of 1969 (Administrative Code of City of New York, tit. YY).
Prior to the institution of this holdover summary proceeding, the leases between petitioner and the Lenox Hill Hospital had expired. Petitioner thereupon served 30 days’ notices terminating the tenancy, and the subtenancies thereunder, and brought this proceeding to regain possession of the demised apartments.
Of the 14 apartments, one had been returned to petitioner, five were occupied by subtenants who had moved in prior to June 30, 1971 (the effective date of chapter 371 of the Laws of 1971, dealing with vacancy decontrol), and 8 were occupied by subtenants who had moved in after June 30, 1971, the date vacancy decontrol took effect.
The Trial Judge awarded final judgment against the Lenox Hill Hospital, on ¡the ¡ground that as a subletting tenant — landlord not occupying any of the rented apartments — the hospital was not entitled to the protection of the emergency rent laws. As to the 13 undertenants still in possession of the apartments, •however, the Trial Judge held that they were entitled to remain *895 in possession pursuant to the Rent Stabilization Law, and dismissed the petition.
My brethren reverse in respect of the Lenox Hill Hospital on four grounds, namely (1) that petitioner landlord did not have grounds for eviction under the Rent Stabilization Code, (2) that prior to the institution of the present summary proceeding, .the hospital had filed a complaint with the Conciliation and Appeals .Board established under the Rent Stabilization Code, protesting the landlord’s refusal to tender the hospital a .three-year renewal lease, and the complaint was still pending at the time of the trial, (3) an article 78 proceeding is the only method to review a Conciliation and Appeals Board determination, and (4) petitioner landlord has failed to exhaust his administrative remedies.
The complaint referred to was filed in May of 1972. The present summary proceeding was commenced in March of 1973, and decided in August of 1973. Not alone was the complaint not passed on by ¡the Conciliation and Appeals Board before either of these dates, but it has not been determined right up to the present time.
Be that as it may, the question before the trial court was not what were the respective rights of landlord and the hospital under the Rent Stabilization Law, but whether the hospital was entitled to the protection of the Rent Stabilization Law. This was an issue of law within the jurisdiction of the Civil Court; and the cases hold that a tenant in constructive possession only of an apartment is not entitled to the protection of rent control laws (Hutchins v. Phillips, 277 App. Div. 1055; WMCA v. Blockfront Realty Corp., 272 App. Div. 800; Knickman v. Hochfeld-Petri, 88 N. Y. S. 2d 346).
Moreover, since the complaint referred to has now lain dormant and undecided for more than 18 months, there is no determination of the Conciliation and Appeals Board extant to be reviewed, whether in an article 78 proceeding or otherwise. Furthermore, if proceedings are to be brought to compel a decision, surely they should be brought by the tenant complainant, not the landlord respondent. Hntil there is a decision by the board, it may not be effectively argued that the decision below was in conflict with, or erroneously reviewed, an administrative determination.
My colleagues state that petitioner landlord has failed to exhaust its administrative remedies. But if the hospital is not entitled to the protection of the Rent Stabilization Law, its provisions do not apply to the hospital. Consequently, there *896 are no administrative remedies to be followed by the landlord, and it properly proceeded to enforce its rights in the Civil Court.
In my view the Trial Judge correctly directed final judgment against the hospital, and I would affirm the final judgment on this aspect of the case.
The five subtenants who were in possession of their apartments prior to June 30, 1971, are, however, within the protective provisions of the Rent 'Stabilization Law of 1969 (Rent Stabilization Code, § 21, subd. [a]). Hence, subject to the provisions of the Rent Stabilization Law and the code, their rental agreements remain in force (Code, § 10), and they may not be removed by petitioner except on one or more of the grounds specified in the code or in the Real Property Actions and Proceedings Law (Code, §§ 50, 51). The proceeding at bar was not based on any of these grounds.
The eight apartments which became vacant after June 30, 1971, on the other hand, are exempt from the regulations and rent control (L. 1971, ch. 371). Consequently, the subtenants occupying these apartments are not entitled to the protection of the Rent Stabilization Law and the code. The trial court denied petitioner landlord a final judgment of possession against any of the subtenants. As to these eight apartments, this was error.
I therefore dissent to the extent indicated and vote to modify the final judgment insofar as it granted final judgment of possession to the subtenants in apartments 4-C, 14-D, 11-F, 6-Gr, 11-Gr, 12-H, 11-K and 10-L, dismissing the petition, and to direct final judgment of possession in favor of petitioner as to these subtenants, and, as so modified, to affirm the final judgment without costs.
.Quran and Lupiano, JJ., concur in Per Curiam opinion; Markowitz, P. J., dissents in memorandum.
Final judgment modified, etc.